UNITED STATES OF AMERICA
DISTRICT OF MINNESOTA
Case No. 23-CR-315(2) (SRN/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| plaintiff, | ) |
| v. | ) |
| | ) |
| Vanessa Violante-Lujano, | ) |
| | ) |
| defendant. | ) |

**FIRST MOTION IN LIMINE**

Vanessa Violante-Lujano, through counsel, Deborah Ellis, moves the court for an order directing the prosecution to refrain from inquiring about Ms. Violante-Lujano's legal status in this country.

First, Ms. Violante-Lujano's legal status is not relevant on the issue of whether she conspired with her co-defendant to possess with intent to distribute methamphetamine. See Indictment, Dk. # 1 (one count conspiracy to distribute methamphetamine). Second, commenting upon, or inquiring of, Ms. Violante-Lujano's immigration status, would be prejudicial and invite negative speculation and an adverse inference regarding Ms. Violante-Lujano regardless of what the response to the inquiry would be.

In *Sanchez v. Davis,* 888 F.3d 746 (5th Cir.2018), the Fifth Circuit Court of Appeals noted that a defendant's illegal status is considered so inflammatory that it is often the subject of motions in limine. *Id.* at 751.

1

A. Relevance

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Rule 401(a), Fed.R.E. Ms. Violante's legal status has no bearing on the proceedings in this case or a jury's determination of the facts. Ms. Violante-Lujano's name and appearance telegraph that she is of Hispanic dissent. At a time when the issue of foreign nationals living in this country is a hot topic,[1] Ms. Violante-Lujano's right to equal justice under the law deserves particularly high vigilance.

Ms. Violante-Lujano urges the Court to find that her legal status is not relevant and should not be questioned or explored.

B. <u>Prejudice</u>

Any arguable probative value of legal status which the Government may offer is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Rule 403, Fed.R.Evid.

Motions to preclude questioning or references to legal or immigration status have been made by both sides in criminal prosecutions. For example in *United States v. Hernandez-Lopez*, 2021 U.S. Dist. LEXIS 216527 (C.D. Ill. 2021), the Government filed a

---

[1] See eg., Marcus Montonya Andrade, *A New Wave of Hate: the Anti-Immigrant Legislative Boom Since 2020,* League of United Latin American Citizens, available at http://lulac.org/a_new_wave_of_hate/, (last visited Nov. 6, 2024).

2

motion in limine to preclude the two defendants from presenting evidence of their immigration status and potential for deportation proceedings if convicted.

In response to defense motions on this topic, it appears that unless immigration is an issue in the prosecution, the courts have found that legal or immigration status to be inadmissible. In *United States v. Gutierrez-Alvarez,* 2014 U.S. Dist. LEXIS 75167 (S.D. Texas 2014), the district court ruled pretrial that evidence of immigration status was inadmissible. Notably, prior to trial the prosecution represented that it would not attempt to introduce such evidence. *Gutierrez-Alvarez* at *2. But when Mr. Alvarez testified, the prosecution sought permission from the court to question him about his immigration status. *Id.* The court refused to allow the testimony concluding it was both irrelevant and prejudicial. *Id.* Nevertheless the prosecutor questioned Mr. Alvarez about his immigration status, which prompted a motion for a mistrial by the defense. The district court granted the mistrial. *Id.* (The district court denied the defense's motion to dismiss based on Double Jeopardy concluding that the defense did not prove that that the prosecution intended to provoke a mistrial. *Id.* at 9.The Fifth Circuit Court of Appeals affirmed both rulings. *See* 600 Fed. Appx. 287 (5th Cir. 2015).)

As the *Sanchez* Court noted, caselaw on the subject "recognize[s] that the introduction of even a single impermissible mention of a defendant's immigration status is often a highly prejudicial bell that cannot be unrung. *Sanchez v. Davis*, 888 F.3d 746, 752 (5th Cir. 2018).

## CONCLUSION

3

Based on the foregoing, counsel urges the Court to order the prosecution from inquiring or offering evidence of Ms. Violante-Lujano's legal status in this country.

Date:  November 6, 2024                                RESPECTFULLY SUBMITTED,

                                                       /s/ deborah ellis
                                                       DEBORAH ELLIS
                                                       Atty. Reg. No. 14616X
                                                       101 East Fifth Street, Suite 1500
                                                       St. Paul, MN    55101
                                                       (651) 288-3554