UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>v.<br><br>Israel Maldonado-Benitez, Vanessa Violante-Lujano,<br><br>         Defendants. | Case No. 23-cr-00315 (SRN/DTS)<br><br><br><br>**ORDER** |

David P. Steinkamp and Garrett S. Fields, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

Thomas C. Plunkett, Attorney at Law, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101; and Katherian D. Roe, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant Maldonado-Benitez.

Deborah K. Ellis, Ellis Law Office, 101 East Fifth Street, Suite 1500, Saint Paul, MN 55101; and Katherian D. Roe, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant Violante-Lujano.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the parties' Joint Motion for Continuance [Doc. 95]. For the reasons below, the Court grants the motion.

**I.    Background**

On July 24, 2024, the Court issued a Trial Notice and Final Pretrial Order [Doc. 65] setting a November 12 deadline for trial documents; a November 19 deadline for responses to motions in limine, proposed exhibit and witness lists, and a proposed verdict form; a pretrial conference for December 3; and trial for December 9. On November 8, the parties

1

jointly moved to extend the trial documents deadline because they had "not yet had time to have a meaningful or productive meet and confer," and counsel for Ms. Violante-Lujano would be out of the country from November 11 to 19. (Doc. 86.) The Court then extended the deadline to November 27. (Doc. 87.)

On November 12, a grand jury returned a superseding indictment [Doc. 88]. Its allegations were based on the same June 22, 2022, traffic stop as the original indictment, but it charged Defendants with Attempted Possession with Intent to Distribute Methamphetamine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A)—a change from the original charge of Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. (*Compare* Doc. 88, *with* Doc. 1.)

The next day, the Government filed a sealed Motion to Withhold the Identity of a Confidential Source [Doc. 90]. The Government wrote that the court's ruling on the motion would be "dispositive" and asked the Court to rule at its "earliest possible convenience." (Doc. 90 at 1, 9.) The Court first ordered Defendants to respond to the motion by November 20. (Doc. 91.) But it later extended the deadline to November 27 based on Defendant Israel Maldonado-Benitez's motion, which noted that his counsel would be in trial in Fergus Falls, Minnesota, throughout the week of November 18. (Docs. 92–93.)

On November 19, the Government filed a Notice of Rule 404(b) Evidence [Doc. 94]. Among the evidence of other bad acts that the Government sought to introduce was evidence of a post-indictment traffic stop on February 29, 2024, in which a K9 "expressed

a positive alert for the presence of controlled substance" but a "subsequent search of the vehicle did not result in the recovery of a controlled substance." (Doc. 94 at 3.)

Finally, on November 25, the parties jointly moved for a continuance. (Doc. 95.) In support, they cited the November 13 Motion to Withhold the Identity of a Confidential Source, the November 19 Notice of Rule 404(b) Evidence, and two last-minute disclosures—a November 15 disclosure of "newly received reports from investigators for the Government" and a November 23 disclosure of "body worn camera (BWC) footage and K-9 search and statements made by defendants at the time of their arrests in Georgia on February 27, 2024." (*Id.*)

## II.  Analysis

Under the Speedy Trial Act, a trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1)–(2).  However, several periods of time are excluded from the 70-day clock.  *See* § 3161(h).  One such period is any delay "from a continuance granted by any judge . . . [based on] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

When making these findings, courts consider, among other factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

3

  (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

  (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

  (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B). A court may not grant a continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

  While factors (i), (ii), and (iii) do not support a delay, factor (iv) does. The failure to grant a continuance would unreasonably deny Defendants' counsel the reasonable time necessary to argue against the Government's motion to withhold the identity of its confidential source—an issue of great importance given that the Government now says it would "likely" dismiss the superseding indictment if the Court denies its motion. (Doc. 95 at 2.) The failure to grant a continuance would also deny Defendants' counsel the reasonable time necessary to argue against the introduction of the late-disclosed evidence.

Moreover, having joined the Motion for Continuance, Defendants appear to believe that a delay is in their best interests—meaning a speedier trial is not. Thus, the Court finds that the ends of justice served by continuing the trial outweigh the interest of Defendants and the public in a speedy trial.

**III.   Order**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continuance [Doc. 95] is **GRANTED**.

2. The trial is **CONTINUED** to a date that will be determined later.

3. The time from the previously scheduled trial date (December 9) until the new trial date (to be determined) is hereby excluded under the speedy trial clock.

4. The parties shall still appear for a pretrial conference at 4:00 p.m. on Tuesday, December 3, 2024, in Courtroom 7B (Saint Paul Courthouse).

5. Defendants shall respond to the Government's sealed motion to withhold the identity of its confidential source by 12:00 p.m. on Wednesday, November 27, 2024.

6. The deadline for all other trial submissions is stayed.

Dated: November 27, 2024            /s/ Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge